## MRS. SALLIE CHERRY et al. v. S. E. KENNEDY.

### (*Jackson,* April Term, 1921.)

1. **SHERIFFS AND CONSTABLES.** Statute imposing penalty for failure to mark on proces day received by officer applies to writ of replevin issued by justice.

Shannon's Code, section 4524, providing that the clerk, justice, or attorney issuing any process shall mark thereon the day on which the same is issue, and that the officer into whose hands the same shall come to be executed shall, in like manner, mark thereon the day on which he shall have received it, etc., as originally enacted in 1794 (Acts 1794, chapter 1, section 9), did not contain the word "justice." The word "justice" was added in Code 1858, at which time justices of the peace had authority to issue writs of re-replevin. *Held*, that in a an action against constable for failure to indorse on a writ of replevin the date received, recovery could not be denied on the theory that the statute had no application to writs of replevin issued by a justice. (*Post, p.* 223.)

Acts cited and construed: Acts 1794, ch. 1, sec. 9.

Code cited and construed: Sec. 4524 (S.).

2. **STATUTES.** "Penal statutes" and "remedial statutes" distinguished.

Strictly and properly speaking, "penal statutes" are those imposing punishment for an offense committed against the State, but the term has been enlarged to include all statutes which command or prohibit acts and establish penalties for their violation to be recovered for the purpose of enforcing obedience to the law and punishing its violation; but, if the recovery of the penalty by an individual is permitted as a remedy for the injury or loss, the statute is "remedial." (*Post, pp.* 223, 324.)

3. **SHERIFFS AND CONSTABLES.** Act requiring officers to indorse on writ date receipt remedial.

Cherry v. Kennedy.

Shannon's Code, section 4524, requiring the sheriff or other officer into whose hands process shall come to be executed to mark thereon the day on which he shall have received it, and providing a penalty of $125 for neglect to be recovered by any person who shall sue for the same, is remedial rather than penal in its nature, the purpose of the act being to give damages to person injured by the neglect of the sheriff or other officer, consequently, where the failure of a constable to indorse on the writ of replevin the date of receipt caused no injury, there can be no recovery. (*Post, pp.* 324-326.)

Acts cited and construed: Acts 1865-66, ch. 15.

Cases cited and distinguished: Elliot & Co. v. Jordan, 66 Tenn., 376; Parks v. Railroad Co., 81 Tenn., 1.

FROM CHESTER.

Appeal from the Circuit Court of Chester County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. N. R. BARHAM, Judge.

JOHN W. ROBERTSON, for plaintiffs.

GALBRAITH & MITCHELL, for defendant.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiffs, Sallie Cherry and Dug Cherry, instituted this suit in the circuit court of Chester county against S. E. Kennedy, constable, for the purpose of recovering the penalty of $125 provided by section 4524 of Shannon's Code for failure to mark or indorse on a certain writ of replevin the date same came into his

144 Tenn.—21

hands; said writ having been issued by a justice of the peace in the case of *W. O. Seaton* v. *Sallie Cherry and Dug Cherry.* The following is the only entry made upon said writ by said officer, to wit:

"Came to hand and executed by summoning defendant to appear before J. G. Haggard, 18 day of Dec. 1919 at 11 o'clock a. m.

"[Signed]                 S. E. Kennedy, Con."

It appears from the agreed statement of facts that Mr. Kennedy received the writ on December 15, 1919, the date of its issuance, and that by oversight he neglected to mark thereon the day same was received by him. No insistence is made that either of the plaintiffs suffered any injury or damage by virtue of the failure of the defendant to note on the writ the date of its reception.

The section of the Code relied upon is as follows:

"The clerk, justice, or attorney, issuing any process, shall mark thereon the day on which the same is issued; and the sheriff or other officer into whose hands the same shall come to be executed, shall, in like manner, mark thereon the day on which he shall have received it. The penalty for neglect of this requirement shall be a forfeiture of one hundred and twenty-five dollars, to be recovered in any court having cognizance thereof, by any person who shall sue for the same, with costs."

The circuit judge sustained a demurrer to the declaration and dismissed the suit.

On appeal to the court of civil appeals, Justice Wilson dissenting, that court reversed the circuit court and entered a judgment in favor of the complainants for $125, with interest.

The case is before us on petition for *certiorari*.

The defendant insists that at the time of the passage of the act in question, to wit, 1794, justices of the peace were without authority to issue writs of replevin, and hence the statute had no application to writs of that nature.

Upon an examination of the original Act of 1794, chapter 1, section 9, we find that the word "justice," appearing in the Code, was not included, so that the act did not originally include process issued by a justice of the peace; but the statute was enlarged and the word "justice" added in the Code of 1858, at which time justices of the peace had authority to issue writs of replevin. Hence the position of the defendant is not well taken. The real question for decision is whether the statute in question is penal or remedial. If the former, the plaintiffs are entitled to recover; otherwise, they are not.

In 36 Cyc. 1180, the author says:

"Strictly and properly speaking, penal statutes are those imposing punishment for an offense committed against the State, which, under the English and American Constitutions, the executive of the State has the power to pardon. In common use, however, this sense has been enlarged to include under the term 'penal statutes' all statutes which command or prohibit certain acts, and establish penalties for their violation, and even those which, without expressly prohibiting certain acts, impose a penalty upon their commission. Under this broader definition, penal statutes include not only those in which the penalty is recovered by a public prosecution and inures to the State, but also those permitting a recovery of the penalty by a private individual in an ac-

tion of debt or *qui tam*.  The true test in determining
whether a statute is penal is whether the penalty is im-
posed for the punishment of a wrong to the public, or
for the redress of an injury to the individual.  If the
statute permits a recovery of the penalt - by an individu-
al for the purpose of enforcing obedience to 'the mandate
of the law by punishing its violation, it is penal in char-
acter; but if the recovery of the penalty by an individu-
al is permitted as a remedy for the injury or loss suffered
by him, the statute is remedial.  It is the substance and
effect of the statute, rather than its form, that is to be
considered in determining whether it is penal.  Thus,
laws enacted for the prevention of fraud, for the sup-
pression of a public wrong, or to effect a public good are
not, in a strict sense, penal acts, although they may in-
flict a penalty for their violation.''

Applying the foregoing test to the facts of this case,
it is apparent that the statute in question is not penal,
because the officer, in failing to mark the date he received
the writ, committed no wrong which affected the public,
or about which it was in any sense concerned.

The statute provides that the justice ''shall mark
thereon the day on which the same is issued,'' and the
officer ''shall, in like manner, mark thereon the day on
which he shall have received it.''

In *Elliot & Co.* v. *Jordan*, 7 Baxt., 376, the justice failed
to mark on the writ the date of issuance, which it was in-
sisted rendered the writ void.  This court held otherwise
and said:

''That the justice did not note the fact of issuance on
the back of the warrent does not affect the validity of
the proceeding.  The statute is directory to the officer,

but the fact that warrant was issued and the party actually summoned, gives jurisdiction to the court. The notation of the fact is not essential to its validity.''

A case analogous to the one under consideration is that of *Parks* v. *Railroad Co.*, 13 Lea, 1, 49 Am. Rep., 655, where Parks sought to recover the penalty provided by chapter 15 of the Acts of 1865-66, the second and fourth sections of which are as follows:

''Sec. 2. Be it further enacted, that it shall be the duty of each conductor or other employee on any railroad in this State, to announce in loud, distinct words, for each passenger car, the stopping place, station, or depot, or town at which each car or passenger train stops, or shall be detained for any purpose, and also the time such car or passenger train will stop or be detained.''

''Sec. 4. Be it further enacted, that upon the faiiure of any railroad company, during any trip of the passenger cars, to comply strictly with any of the provisions of the two preceding sections of this act, then such railroad company shall forfeit and pay the sum of one hundred dollars, recoverable before any court having jurisdiction thereof, one half to be paid to the persons suing, and the other half to go to common school fund of the State.''

The court held the statute to be remedial and said: ''The inclination of the courts is, therefore, to construe such statutes as remedial, that is as intended to redress an actual injury with a view to prevent its recurrence, and not as punitive, that is, as intended to punish whether the injury has accrued or not.''

The court further said: ''The intent of the legislature in the statute before us was to secure certain benefits to

passengers on the railroad trains. It was, of course, never intended that a penalty should be incurred if in fact there were no passengers on the train, or in a car of the train in which there was a default. And a failure to call a station at which no passenger intended to get off, or did in fact get off could do no harm, and would be at most only a technical breach of the law. If the statute be construed literally, or as punitive, there would be a penalty even in such cases. Penalties would also be incurred by acts of inadvertence or omissions of negligence although no person was aggrieved thereby. And if each default gave a right of action, and might be sued upon at any time, the purpose of the legislature would be lost sight of, and the act be perverted and made punitive instead or remedial.''

If the act of 1865-66 is remedial, certainly the act under consideration cannot be treated as penal, because in the former the public is much more concerned than it would be in the failure of an officer to enter on a writ the date same was received in a private suit between two individuals.

We hold that the court of civil appeals was in error in entering judgment for the plaintiffs. The writ of *certiorari* will be granted; the judgment of the court of civil appeals will be reversed, and that of the circuit court will be affirmed with all costs.